1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA VILLALVASO,<br><br>                **Plaintiff,**<br><br>   **v.**<br><br>ODWALLA, INC., *et al,*<br><br>             **Defendants.** | No. 1:10-CV-02369-OWW-MJS<br><br>MEMORANDUM DECISION RE:<br>DEFENDANT SPN GROUP, INC.'S<br>MOTION TO DISMISS (Doc. 11) |

### I.  <u>INTRODUCTION</u>.

This Title VII and FEHA employment discrimination case was filed by Plaintiff Alicia Villalvaso ("Villalvaso") against Defendants Odwalla, Inc. ("Odwalla"), a food products company, Spherion, Inc. ("Spherion"), a temporary staffing agency, and Mario Acosta on December 17, 2010.  Plaintiff alleges Mr. Acosta, Plaintiff's supervisor at Odwalla, subjected her to "severe and pervasive" sexual harassment and Odwalla and Spherion "permitted [the harassment] to occur."

Defendant Spherion moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Spherion argues that each of Plaintiff's claims should be dismissed on statute of limitations grounds.[1]

---

[1] Plaintiff erroneously identifies the moving party as "Spherion, Inc." in the complaint and opposition.  The correct

**1**

## II. **BACKGROUND**.

The facts relevant to this motion are not in dispute. In January 2006, Plaintiff applied for temporary employment with Spherion, who subsequently assigned her to Odwalla's facility in Dinuba, California. At Odwalla, Plaintiff worked from 5:00 a.m. to 1:45 p.m. in the facility's cold storage and shipping department. She was the only female in her twelve person crew. Mr. Acosta supervised Plaintiff's crew and, starting in March 2006, he allegedly "watched her zip into her [packing] outfit" and "sexually harassed her" by using offensive language and inappropriately touching her. The complaint further alleges that Mr. Acosta wanted Plaintiff "to perform oral sex on him" and openly discussed his sexual preference for African-American women. These sexually-based discussions and advances were unwelcome and the stress allegedly caused Plaintiff to miss several days of work.

On June 21, 2006, Mr. Christian Emdrich, Acosta's supervisor at Odwalla, allegedly spoke with Plaintiff about Mr. Acosta's inappropriate conduct towards members of the crew, including her. According to the complaint, Plaintiff confirmed to Mr. Emdrich Acosta's unwanted sexual advances and physical touching. Plaintiff also allegedly informed Mr. Emdrich that she was represented by legal counsel. Mr. Emdrich told Plaintiff that he would speak with Mr. Acosta and that she should not report to work the next day, June 22, 2006. Plaintiff never returned to work at Odwalla's facility in Dinuba.

entity is "Spherion Corporation" or "SFN Group, Inc." and is referred to in this Memorandum Decision as "Spherion."

**2**

On November 20, 2006, Plaintiff filed separate charges with the EEOC against Odwalla and Spherion, alleging, *inter alia*, discrimination based on sex.  Request for Judicial Notice ("RJN"), Doc. 13.[2]   Plaintiff similarly filed these charges with the California Department of Fair Employment and Housing ("DFEH"), which deferred its investigation to the EEOC pursuant to its work-sharing agreement with the EEOC. *See, e.g., Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000).

On December 11, 2006, Plaintiff received a right-to-sue letter from the DFEH as to the charge filed against Spherion.[3]  Doc. 13, Exh. C.

On May 14, 2010, Plaintiff received a right-to-sue letter from the EEOC as to the charge filed against Spherion.  The right-to-sue notice notified Plaintiff she had ninety days from the date of issuance of the letter to bring her claims.[4]

---

[2] Defendant's request for judicial notice of these documents is GRANTED. *See Larson v. Conewango Prods.*, Corp., No. 09-CV-1060-LJO-SMS, 2010 WL 1135987, at 3 (E.D. Cal. March 22, 2010)(taking judicial notice of EEOC proceedings under Fed. R. Evid. 201(b))(citing *Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n. 2 (9th Cir. 1969)).

[3] Defendant's request for judicial notice of the DFEH correspondence is also GRANTED. *See, e.g., Davenport v. Board of Trustees of State Center Community College Dist.*, 654 F. Supp. 2d. 1073, 1088 (E.D. Cal. 2009) (taking judicial notice of FEHA-related documents on grounds that they are official records of a state administrative agency).

[4] Judicial notice is taken of the EEOC's "Right to Sue Notices," mailed to Spherion and Odwalla on May 14, 2010 and September 23, 2010.  Plaintiff attached the correspondence to her complaint as Exhibits A & B.  Fed. R. Evid. 201(b); *see also Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)(On a motion to dismiss, a court may consider

3

1   On September 23, 2010, Plaintiff received a right-to-sue
2   letter from the EEOC as to the charge filed against Odwalla.  The
3   right-to-sue notice notified Plaintiff she had ninety days from the
4   date of issuance of the letter to bring her claims.

5   On December 17, 2010, Plaintiff Villalvaso filed this action
6   against Defendants Spherion, Odwalla and Odwalla employee Mario
7   Acosta, alleging fourteen causes of action: three Title VII claims
8   (discrimination, harassment and retaliation based on sex);[5] six
9   FEHA claims (discrimination based on sex, hostile work environment
10  sexual harassment, failure to prevent discrimination and
11  harassment, strict liability of employer for harassment and sexual
12  harassment personal liability); two claims for wrongful termination
13  and sexual battery under Cal. Gov't Code § 1708.5; and three common
14  law claims against Odwalla only (negligent supervision, retaliation
15  in violation of Labor Code § 923 and failure to rehire based on
16  gender).

17  On February 17, 2011, Defendant Spherion moved to dismiss
18  Plaintiff's Title VII, FEHA, wrongful termination and sexual
19  battery claims based on the applicable limitations periods.
20  Plaintiff opposed the motion on April 4, 2011, arguing that her
21  tardiness is excused under the doctrine of equitable tolling.  She
22  contends that her conciliation efforts with Odwalla suspend the
23  limitations period applicable to her Title VII claims against

24

25  materials incorporated into the complaint or matters of public
26  record).

27  [5] Plaintiff's Title VII claims were advanced against Spherion
    and Odwalla only.  The remaining claims, unless specifically noted,
28  were filed against all Defendants.

**4**

1  Shperion.

2      As of April 20, 2011, neither Odwalla nor Mr. Acosta have

3  separately filed dispositive motions or joined Spherion's motion to

4  dismiss.

5

6                      III. **LEGAL STANDARD**.

7      Federal Rule of Civil Procedure 12(b)(6) permits a motion to

8  dismiss a claim for "failure to state a claim upon which relief can

9  be granted[.]"

10      "To survive a motion to dismiss, a complaint must contain

11  sufficient factual matter, accepted as true, to 'state a claim to

12  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

13  S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

14  550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans*

15  *Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet - that

16  the court must accept as true all of the allegations contained in

17  the complaint - "is inapplicable to legal conclusions." *Iqbal*, 129

18  S.Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements

19  of a cause of action, supported by mere conclusory statements, do

20  not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  Rather, "[a]

21  claim has facial plausibility when the plaintiff pleads factual

22  content that allows the court to draw the reasonable inference that

23  the defendant is liable for the misconduct alleged."  *Id*. at 1949

24  (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only

25  permit the court to infer "the mere possibility of misconduct" do

26  not show that the pleader is entitled to relief.  *Id*. at 1950.

27  ///

28  ///

                            **5**

1

## IV.   **DISCUSSION**.

2

**A.   Title VII Claims**

3

Title VII requires a plaintiff to file a lawsuit in state or

4 federal court within ninety days following the plaintiff's receipt

5 of a right-to-sue letter from the Equal Employment Opportunity

6 Commission.   See 42 U.S.C. § 2000e-5(f)(1).   Procedural

7 requirements such as the ninety-day filing deadline are to be

8 strictly enforced. *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th

9 Cir. 1992) (holding that a Title VII claim was foreclosed because

10 it was filed two days after expiration of the statute of

11 limitations).   When a Title VII claimant fails to file a complaint

12 in federal court within the ninety-day period, the action is

13 barred. *Id*. at 267.   Here, Plaintiff received a right-to-sue

14 notice on May 14, 2010, but Plaintiff filed her complaint on

15 December 17, 2010 - approximately four months after the limitations

16 period expired.   She therefore did not meet the statutory

17 deadline.[6]

18

The ninety-day filing requirement may be subject to equitable

19 tolling. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152

20 (1984); *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393

21 (1982).   Equitable tolling has been applied in cases where the

22 court has led plaintiff to believe that she had done everything

23 required of her, where the plaintiff misunderstood various aspects

24 of the complex legal scheme applicable to discrimination cases, or

25

26            [6] The parties dispute the exact date Plaintiff received the
EEOC's right-to-sue letter.   However, whether Plaintiff was 121 or
27 124 days tardy is immaterial to the present motion.   It is
undisputed that Plaintiff's complaint was filed at least four
28 months after the limitations period expired.

**6**

where the complainant was misled by a court order. *Baldwin* at 151; *see also Carlile v. South Routt School District*, 652 F.2d 981, 986 (10th Cir. 1981) (granting equitable tolling for a plaintiff who had relied on a District Court order declaring that her case be considered commenced as of a certain date); *Peterson v. California Dept. Of Corrections*, 2006 WL 3349519, at 8 (E.D. Cal. Nov. 16, 2006) (tolling the ninety-day requirement where the plaintiff was led to believe through written instructions that he had to file a case before the State Personnel Board as a prerequisite to filing suit even though he failed to reconcile his misunderstanding with explicit instructions in the EEOC letter). Courts have "applied [equitable tolling] sparingly" and in "extreme cases." *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

Plaintiff recognizes that she did not meet the statutory deadline, but believes that the statute is tolled because the delay in filing the complaint was due to her conciliation efforts with Odwalla, an unrelated entity and the focus of a separate EEOC investigation.[7]  Plaintiff reasons:[8]

> Equitable tolling in an employment discrimination focuses on whether there is excusable delay by the plaintiff and does not depend on any wrongful conduct

---

[7] Under 42 U.S.C. § 2000e-5(b), the EEOC is statutorily required to engage in the conciliation process, which Courts have defined as "an attempt[] to reach a settlement with [the employer]." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 290 fn. 7 (2002). It is undisputed that the EEOC and Spherion attempted to resolve Plaintiff's charges, but those conciliation efforts were ultimately unsuccessful.

[8] Here, if the limitations period was equitably tolled during her conciliation with Odwalla, this would extend the time limit for filing her Title VII claims against Spherion, thereby rendering her claims against Spherion timely.

1
2
3

**by the defendant [] [w]hen determining the applicability of the equitable tolling doctrine, the Ninth Circuit examines the purpose of the statute, the notice to the defendant, and the diligence demonstrated by the plaintiff.**

4

**[...]**

5
6
7
8
9

**Pursuant to the purposes of Title VII to resolve the disputes without expensive and protracted litigation, Villalvaso acted reasonably and diligently in pursuing the administrative mechanism of conciliation with Odwalla.  By striving to achieve the full benefits of the EEOC investigation, including conciliation, Villalvaso's delay in filing against Spherion should be excused due to the fact that she was pursuing good faith conciliation against Odwalla.**

10
11
12
13

**To note, Spherion has been defending the same claims arising out of the same incidents to the EEOC for the past few years [...] Spherion is not confronted with a stale claim that fails to give them sufficient time to investigate, gather evidence, and suitable prepare a defense [....]**

14

**Doc. 18 at 9:3-9:8, 10:3-10:12.**

15   **While Plaintiff correctly observes the distinction between**

16   **equitable tolling and equitable estoppel,** *see, e.g., Johnson v.*

17   *Henderson***, 314 F.3d 409 (9th Cir. 2002)(equitable tolling focuses**

18   **on excusable delay by the plaintiff, while equitable estoppel**

19   **"focuses primarily on the actions taken by the defendant in**

20   **preventing a plaintiff from filing suit"),[9] her proposal**

21   **incorporates language from** *McDonald v. Antelope Valley Community*

22   *College Dist.***, 45 Cal.4th 88 (2008), which held that when an**

23   **employee voluntarily pursues an internal administrative remedy**

24   **prior to filing a complaint under the FEHA, the statute of**

25   **limitations on her FEHA claim is subject to equitable tolling.**

26

27   [9] Plaintiff does not allege that equitable estoppel excuses
28   her failure to file a lawsuit within the applicable limitations period.

**8**

1   However, no federal court in this Circuit has extended *McDonald*'s

2   holding to Title VII employment claims.    Even if, *arguendo*,

3   *McDonald*'s holding was persuasive, it is factually distinguishable

4   because Plaintiff seeks to toll the limitations period against a

5   <u>*different defendant*</u> (*Spherion*), not against the adversary in the

6   administrative hearing (*Odwalla*).   *McDonald*'s holding is limited to

7   claims filed in a different "forum", not against a different party.

8   Plaintiff's reasoning has the effect of creating a multi-defendant

9   exception to Title VII's limitations period, but such an exception

10  is plainly inconsistent with the statutory language of Title VII,

11  as well as Supreme Court and Ninth Circuit authority sparingly

12  applying equitable tolling.

13      Plaintiff also relies on *Valenzuela v. Kraft, Inc*., 801 F.2d

14  1170 (9th Cir. 1986), a case not helpful or persuasive to her

15  position.    In *Valenzuela*, the complaint was filed within the

16  limitations period, but mistakenly in a court that did not have

17  jurisdiction.    *Id*. at 1174.    That is precisely the situation

18  addressed by the Supreme Court in *Irwin v. Department of Veterans

19  Affairs*, 498 U.S. 89, 95-96 (1990), where the claimant had actively

20  pursued judicial remedies by filing a defective complaint within

21  the limitations period;  and equitable tolling was found to apply.

22  That is not the circumstance here, however.  Plaintiff did not file

23  in federal court within the limitations period, and did not

24  otherwise exercise due diligence to preserve her legal rights

25  against Spherion, to justify equitable tolling.[10]

26

27          [10] At oral argument, Plaintiff suggested that the "complaint"
    contained adequate facts to excuse her untimely complaint against
28  Spherion.   However, the only "facts" to support an equitable

**9**

**Plaintiff misapplies the doctrine:** *Irwin* **and** *Valenzuela,* **as well as** *Santa Maria v. Pac. Bell*, **202 F.3d 1170, 1178 (9th Cir. 2000), overruled on different grounds by** *Socop-Gonzalez v. INS*, **272 F.3d 1176, 1194 (9th Cir. 2000),**[11] **demonstrate that equitable tolling is reserved for situations in which a claimant has made a good faith error and is not applied where a claimant is aware of the filing requirements yet fails to file a timely complaint due entirely to a lack of diligence.**

**This is not a case in which Plaintiff made a good faith error or displayed diligence.**[12]  **The record pellucidly demonstrates that**

---

tolling defense are that "the EEOC conducted failed conciliation conference[s]" with Odwalla and Spherion.  Compl. ¶¶ 12-18.  The complaint also provides the dates of the conciliation efforts and subsequent right-to-sue letters.  Id.  Given the Supreme Court's decision in *Irwin*, among others, such facts are plainly insufficient to support each of Plaintiff's Title VII claims against Spherion.

[11] *Santa Maria* held:

> Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. See Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. See Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th Cir.1995); Cada, 920 F.2d at 451.

[12] Plaintiff does not allege that her tardiness is based on a calendaring mistake or the "trickery" of her adversary. *See, e.g.,*

1  Plaintiff knew that she was required to file her action against

2  Spherion within ninety days, but simply chose not to do so.

3  *Compare Radford v. St. Regis Hotel*, No. C-10-02338-EDL, 2010 WL

4  3749304 at 2 (N.D. Cal. Sept. 22, 2010)(tolling the applicable

5  limitations period because plaintiff "explained the circumstances

6  surrounding the filing of the complaint in a letter attached to the

7  complaint" and "the failure to timely file the [] complaint does

8  not appear to have been based on an error on [plaintiff's] part")

9  *with Gonzalez v. Adecco North America, LLC*, No. 06-395-AS, 2007 WL

10  54780 (D. Or. Jan. 3, 2007)(dismissing a complaint filed 94 days

11  after receipt of the right-to-sue letter, even though the plaintiff

12  alleged that the delay in filing the complaint was due to the

13  mistake of counsel).

14      The fact that Plaintiff attempted to settle her claims with

15  Odwalla does not justify tolling the limitations period in this

16  case.  While the Ninth Circuit has held that "excusable delay" will

17  support equitable tolling in employment cases, Plaintiff's tolling

18  allegations relate to her claims against Odwalla, not Spherion.

19  *See, e.g., Veronda v. California Dept. of Forestry and Fire*

20  *Protection*, 11 F. App'x 731, 735 (9th Cir. 2001).  Plaintiff has

21  not adequately pleaded diligence or excusable delay in prosecuting

22  her claims against Spherion.  She knew she was required to file her

23  action, yet did nothing.

24      As currently pled, this is a "garden variety" claim of alleged

25  excusable neglect and dismissing her claims is consistent with the

26  Supreme Court's directive that equitable tolling should be applied

27  _____

28  *Irwin*, 498 U.S. 89, 95-96.

in very limited circumstances:

> Federal courts have typically extended the doctrine only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. 89, 95-96 (1990).

In *Irwin*, where a complaint was filed fourteen days beyond the limitations period, dismissal was proper even though the plaintiff's attorney had been out of the country for approximately two weeks after the right-to-sue notice was received. *Id*. at 92, 96. The Court held that "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Id*. at 96. That is the case here.

There are additional reasons to dismiss Plaintiff's claims against Spherion. One, Plaintiff was represented by counsel during the relevant time-frame, suggesting that tolling principles do not even apply. *See Johnson v. Henderson*, 314 F.3d at 414 ("once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements.").[13] Two,

_____

[13] Johnson involved the plaintiff's alleged misunderstanding of the Equal Employment Opportunity ("EEO") complaint process. There, like here, the plaintiff was represented by counsel during all relevant periods in the case:

> Equitable tolling is unavailable to Johnson because the undisputed evidence in the record, including Johnson's own deposition testimony and filings with USPS,

Plaintiff's complaint was filed more than four months after receipt
of the right-to-sue letter, which is a significantly greater time
lapse from the complaints found untimely in *Irwin* and *Gonzalez*.
She knew that Spherion was her primary employer, who provided her
to Odwalla to perform services for Odwalla.

Plaintiff's pleading does not identify any of the "equitable"
circumstances delineated in *Irwin* and, critically, fails to
adequately allege excusable delay or diligence.  However, since
equitable tolling is rarely resolved at the pleading stage, *Daviton
v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136-37 (9th Cir.
2001), Plaintiff shall be afforded a final opportunity to amend her
complaint to explain the basis for the delay, with greater
particularity and to focus on her diligence in prosecuting her
claims against Spherion.  In addition, any amended pleading shall
conform with Rules 8 and 11 of the Federal Rules of Civil
Procedure.

Under federal law, it is not sufficient to plead that an
adversary was aware of the claims and no prejudice resulted.  Cf.
*Daviton*, 241 F.3d at 1136-37 (in disability discrimination action
applying California law, equitable tolling was appropriate where
there was timely notice and absence of prejudice to defendant and
good faith and reasonable conduct by plaintiff).  Rather, Plaintiff

indicates that she was represented by counsel in this
matter from June 2000 onward.  Thus, as this Court held
in [Leorna v. United States Dep't of State, 105 F.3d 548
(9th Cir. 1997)], Johnson may be charged with
constructive knowledge of the law's requirements,
through her attorney, during the relevant time period.

*Id*. at 417.

must comply with Supreme Court and Ninth Circuit authority to justify relief from Title VII's statutory time-bar.

**B.   FEHA Claims**

    Plaintiff contends that her FEHA claims survive a timeliness challenge because the statute of limitations was equitably tolled during the time she was pursuing conciliation with Odwalla. Spherion asserts that these circumstances do not warrant application of the doctrine of equitable tolling.

    FEHA specifies that a lawsuit must be instituted within one year of the plaintiff receiving a right-to-sue letter from DFEH. Cal. Gov't. Code § 12965(b).  However, § 12965(d)(1) provides for the tolling of the one-year statute of limitations during the time the EEOC is investigating a charge in cases in which an individual files a charge of discrimination or harassment concurrently with the EEOC and the DFEH, and the DFEH defers investigation to the EEOC.   In that scenario, § 12965(d)(2) provides in relevant part:

> The time for commencing an action for which the statute of limitations is tolled under [§ 12965(d)(1)] expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by [DFEH], whichever is later.

Id.

    Here, Plaintiff received a right-to-sue letter from DFEH on December 11, 2006.  Pursuant to § 12965(b), Plaintiff had until December 11, 2007 to file an action alleging claims under FEHA. However, because the limitations period was tolled under § 12965(d)(2), the time for Plaintiff to assert her FEHA claims expired at the same time the federal right-to-sue period expired -

August 17, 2010.  It is undisputed that Plaintiff did not file this action until December 17, 2010 - four months after the federal right-to-sue period had elapsed.

Three factors determine whether the statute of limitations is equitably tolled in a particular case: "(1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim." *Downs v. Department of Water & Power,* Cal.App.4th 1093, 1100 (1997);  *see also Collier v. City of Pasadena* 142 Cal.App.3d 917, 924 (1983).  The Downs Court explained how these factors apply to a particular situation:

> The timely notice requirement essentially means that the first claim must have been filed within the statutory period.  Furthermore[,] the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.  *Generally this means that the defendant in the first claim is the same one being sued in the second.*  The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.  The third prerequisite of good faith and reasonable conduct on the part of the plaintiff is less clearly defined in the cases.  But in Addison v. State of California, supra, 21 Cal.3d 313[,] the Supreme Court did stress that the plaintiff filed his second claim a short time after tolling ended.

*Id*. (citations omitted)(emphasis added).

It is undisputed that Plaintiff's original claims were timely filed within the applicable statute of limitations - the original DFEH and EEOC charges filed on November 20, 2006.  However, Plaintiff has not provided any persuasive argument or allegation to satisfy the second or third prongs.

15

1    As to the second prong, Plaintiff again relies on *McDonald*, 45
2    Cal.4th 88, arguing that the facts of this case support tolling the
3    limitations period.  However, as briefly explained above, *McDonald*
4    holds that when an employee voluntarily pursues an internal
5    administrative remedy prior to filing a complaint under the FEHA,
6    the statute of limitations on the FEHA claim is subject to
7    equitable tolling.   Contrary to Plaitiff's arguments, *McDonald*
8    tolled the limitations of the *same defendant*, not a third party.
9    Plaintiff cites no law to extend *McDonald's* holding to toll the
10   limitations period for claims against *a different defendant*.  While
11   settlement efforts with Odwalla are reasonable, it is unclear how
12   those efforts toll the limitations period against a different
13   defendant, here Spherion.  This is especially true considering that
14   Plaintiff received a right-to-sue letter from the EEOC as to the
15   charges against Spherion and Spherion did not participate in the
16   conciliation with Odwalla.  The EEOC never considered the parties
17   to be aligned or that they were the "same defendant."

18   Relying on *Mathieu v. Norrell Corp.*, 115 Cal.App.4th 1174
19   (2004), Plaintiff further argues that the allegation that Spherion
20   and Odwalla are "joint employers" satisfies the second prong, i.e.,
21   they are the "same party."   According to Plaintiff, *Mathieu* held
22   that "as long as the doctrine of 'dual employment' was applicable,
23   an employee injured by violations of the FEHA could look to 'both
24   employers for redress' because application of this doctrine
25   'promotes the purpose of the FEHA, which is to prevent and
26   eliminate sexual harassment and discrimination in the workplace.'"
27   Plaintiff's analysis is incomplete and relies heavily on general
28   liability principles, not applied in the equitable tolling context.

16

While *Mathieu* explained the general joint employer liability framework, the Court rejected the petitioner's argument that the limitations period was tolled while she was pursuing her administrative claim with DFEH.  The Court stated that the petitioner's arguments were "not supported by any reported California case and [are] inconsistent with Supreme Court decisions" and "[r]ecognizing equitable tolling in the context of concurrent state and federal administrative proceedings preceding a statutory claim under the FEHA [] is far different from permitting a plaintiff to delay filing a common law tort action because an alternative administrative process has not yet been completed." *Id.* at 1189-90.  *Mathieu* is not on all fours with this case, however, there is nothing in the case to support the sweeping rule Plaintiff advocates, namely that an employment staffing company is considered the "same defendant" as its clients for tolling purposes.

As currently pled, the fact that Spherion provided temporary staffing to Odwalla is relevant to general liability principles, not tolling.  There is no support for the proposition that they are the "same defendant" or aligned for tolling purposes.  Spherion's awareness of the Plaintiff's general allegations does not excuse Plaintiff's failure to file a lawsuit within the applicable limitations period.  Plaintiff knew she was required to file her action against Shperion, by virtue of the EEOC's right-to-sue letter, yet did nothing.  Neither *McDonald* nor *Mathieu* excuse Plaintiff's failure to file a lawsuit within the applicable limitations period.

Plaintiff also fails to satisfy the third prong.  She states

1  in a conclusory fashion that she "**was confronted with several legal**

2  **remedies when the EEOC invited Odwalla and Villavalso to**

3  **concilliation [] on May 17, 2010**" and "**filing a lawsuit against**

4  **Spherion during the concilliation efforts with Odwalla would lead**

5  **to duplicative actions on the same facts that could render either**

6  **proceeding unnecessary.**"[14] **These assertions, however, indicate that**

7  **Plaintiff was well aware of the filing requirements yet failed to**

8  **file a timely complaint.  Such conduct is neither reasonable nor in**

9  **good faith.  *Cf. Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d**

10  **1125, 1139-40 (N.D. Cal. 2009)(finding that the plaintiff's conduct**

11  **was reasonable and in good faith).  It is noteworthy that Plaintiff**

12  **was represented by counsel since she filed her original**

13  **administrative charges in 2006.**

14  **Defendant's motion is GRANTED WITH LEAVE TO AMEND as to**

15  **Plaintiff's FEHA claims.  Plaintiff shall have one final**

16  **opportunity to amend her complaint.**

17

18

19  ———————————

20  [14] It is true that equitable tolling may apply when a claimant voluntarily pursues alternate remedies. *McDonald*, 45 Cal.4th at

21  101.  However, Plaintiff does not explain how the Odwalla conciliation impacts her constitutional and state law claims

22  against Spherion.  *See, e.g., Garber v. City of Clovis*, 698 F. Supp. 2d 1204 (E.D. Cal. 2010).  Without further elaboration or an

23  allegation in the complaint, a single sentence in an opposition is not a valid basis to adopt Plaintiff's position.

24

25  Further, Plaintiff's proposed position also finds no support in the case law.  In *Elkins v. Derby*, 12 Cal.3d 410 (1974), the

26  California Supreme Court concluded that the plaintiff's personal injury action was equitably tolled for the period during which he

27  pursued his workmen's compensation remedy against the defendant. This is not the same type of "alternate remedy" discussed in

28  *Elkins*.

**C.    Wrongful Termination Claim**

Spherion argues that Plaintiff's wrongful termination claim is time barred.   Plaintiff's wrongful termination claim is based on her June 21, 2006 conversation with Odwalla's Christian Emdrich, at which time she was allegedly terminated from her position at Odwalla.   Because she did not file this action until December 17, 2010, over 4.5 years after the alleged separation event, her claims are barred unless the statute was tolled.

Plaintiff's wrongful termination claim is a state law claim. California Code of Civil Procedure § 335.1 has a two year statute of limitations applicable to a claim of wrongful termination in violation of public policy. *Mathieu*, 115 Cal.App.4th 1174, 1189 n. 14.   Plaintiff does not dispute she filed her complaint more than 4.5 years beyond the applicable statute of limitations.   Rather, Plaintiff contends the statute of limitations was tolled during the pendency of the administrative proceedings with the DFEH and EEOC from November 2006 through September 2010 (Odwalla only).   This argument fails, however, because California does not extend equitable tolling to the period Plaintiff pursued a complaint against Defendants with the DFEH.   *See Mathieu*, 115 Cal.App.4th at 1190.

California generally tolls the statute of limitations "during the pendency of an earlier action if there is 'timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff'," even where the two actions are not identical.   *Retail Clerks Union Local 648 v. Hub Pharmacy*, Inc., 707 F.2d 1030, 1033 (9th Cir.1983) (citations omitted).   When "the exhaustion of administrative remedies is a prerequisite to the

19

initiation of a civil action," tolling of the limitations period is automatic. *Elkins*, 12 Cal.3d at 414. Equitable tolling may also be available where a Plaintiff voluntarily pursues alternate remedies. *McDonald*, 45 Cal.4th at 101 (holding FEHA claims may be equitably tolled during the period Plaintiff pursued employer's internal administrative procedures prior to filing a FEHA claim).

However, California Courts do not extend equitable tolling to permit "a plaintiff to delay filing a common law tort action" of wrongful termination in violation of public policy while a Plaintiff pursues a FEHA administrative claim. *Mathieu*, 115 Cal.App.4th at 1189-1190 (explaining that a common law claim for wrongful termination in violation of public policy is independent from a FEHA administrative claim, and a plaintiff is "not in any way disadvantaged by having to file his or her nonstatutory claims before receiving a right-to-sue letter from the DFEH and, therefore, there is no basis for recognizing equitable tolling in this situation").

Because California does not apply equitable tolling to the common law claim of wrongful termination in violation of public policy when a Plaintiff has first pursued a FEHA claim, Plaintiff's wrongful termination claim against Spherion is untimely. Under *Mathieu*, there is no need to engage in a practical fact-specific analysis to determine if Plaintiff satisfied the three elements required under California's equitable tolling doctrine. *See Gbajabiamila v. Abercrombie & Fitch, Inc.*, 2010 WL 3185499 at 4 (S.D. Cal. Aug. 10, 2010).

Plaintiff's wrongful termination in violation of public policy against Spherion is DISMISSED WITH PREJUDICE.

1   **D.    <u>Sexual Battery Claim</u>**

2      Plaintiff's sexual battery claim is also subject to a two year

3   statute of limitations period.   *Beagle v. Rite Aid Corp*.,No. C-

4   08-1517-PJH, 2009 WL 3112098 at 10 (N.D. Cal. Sept. 23, 2009)

5   ("Under California Civil Code § 335.1, tort claims in California

6   are subject to a two-year statute of limitations.").

7      Spherion contends that Plaintiff's sexual battery claim is

8   barred by the applicable two year statute of limitations.   Spherion

9   is correct.   Since Plaintiff did not file suit until December 17,

10  2010, which is more than 4.5 years after she was allegedly

11  terminated, her sexual battery claim is time-barred.   Plaintiff

12  concedes that she filed this claim outside the limitations period,

13  but argues that the statute of limitations should tolled because

14  "the three elements of equitable tolling are present."   *See, e.g.,*

15  *McDonald*, 45 Cal.4th 88.

16     Spherion contends that Plaintiff's analysis skips a step.

17  Spherion correctly notes that the Ninth Circuit has held that the

18  filing of a Title VII claim for sexual harassment and

19  discrimination does not equitably toll the statute of limitations

20  for the plaintiff's state tort claims for assault, battery, false

21  imprisonment, and intentional infliction of emotional distress.

22  *See Arnold v. United States*, 816 F.2d 1306 (9th Cir. 1987).   In

23  *Arnold*, the Ninth Circuit held:

24          Arnold asserts that filing her Title VII claim tolled
            the limitations period for her tort claims. Although
25          sexual harassment may be redressed through a claim
            brought under Title VII, Meritor Savings Bank, FSB v.
26          Vinson, ---U.S. ----, 106 S.Ct. 2399, 91 L.Ed.2d 49
            (1986), the wrong underlying Arnold's Title VII claim
27          is distinct from that underlying her state-law tort
            claims. In her state-law claims Arnold seeks to
28          vindicate not her right to be free from discrimination

                                    **21**

> in the workplace, but rather her right to be free from
> "'bodily or emotional injury caused by another
> person.'" Otto, 781 F.2d at 756 (quoting Stewart v.
> Thomas, 538 F.Supp. 891, 895 (D.D.C.1982)). Indeed, it
> is precisely because these wrongs are different that
> Arnold's state-law claims are not precluded by Title
> VII. Id. at 756-57.
>
> Nor does federal policy mandate equitable tolling.
> Arnold was not under an obligation to delay litigation
> until her Title VII claims were resolved. She argues,
> however, that this court should encourage voluntary
> compliance with Title VII procedures by tolling the
> limitations period. The Supreme Court has rejected a
> similar contention. Johnson v. Railway Express Agency,
> 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)
> (statute of limitations for claim brought under 42
> U.S.C. § 1981 not tolled by filing Title VII charge
> with EEOC). Acknowledging that Title VII proceedings
> often are beneficial, the Court held, nonetheless, that
> Congress did not intend for these proceedings to delay
> independent avenues of redress. Id. at 461, 465, 95
> S.Ct. at 1720, 1722.
>
> Because California would not permit equitable tolling
> and because federal policy does not mandate asserting
> Title VII claims before state tort claims, we conclude
> that Arnold is barred by the statute of limitations
> from pursuing her state claims.

*Id*. at 1313-14.

Plaintiff does not attempt to distinguish *Arnold*'s holding, which appears to control the facts of this case. In an abundance of caution, the three *McDonald* factors are analyzed to determine if the limitations period is tolled.

Analysis of the *McDonald* factors is futile. The second and third *McDonald* factors are not satisfied. Plaintiff cites no law to extend *McDonald's* holding to toll the limitations period for claims against a *different defendant*. While Plaintiff filed administrative charges against both defendants, the EEOC never considered the parties to be aligned or the "same defendant" for purposes of conciliation. As for reasonable conduct and good faith, the third inquiry, the allegations are insufficient to

22

demonstrate that Plaintiff was anything but unreasonable.

Plaintiff's sexual battery claim against Spherion is DISMISSED WITHOUT PREJUDICE.  Any amended complaint shall conform with Rules 8 and 11 of the Federal Rules of Civil Procedure.


V.  <u>CONCLUSION</u>.

For the reasons stated:

1.   Plaintiff's Title VII claims against Spherion are DISMISSED WITHOUT PREJUDICE;

2.   Plaintiff's FEHA claims against Spherion are DISMISSED WITHOUT PREJUDICE;

3.   Plaintiff's wrongful termination in violation of public policy claim against Spherion is DISMISSED WITH PREJUDICE; and

4.   Plaintiff's sexual battery claim against Spherion is DISMISSED WITHOUT PREJUDICE.


Defendant Spherion shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.

Any amended complaint shall be filed within twenty ("20") days following date of electric service of this decision.  Defendant shall have twenty (20) days to respond.


IT IS SO ORDERED.

Dated:    April 25, 2011             _____/s/ Oliver W. Wanger_____
                                     UNITED STATES DISTRICT JUDGE