UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA VILLALVASO,<br><br>    Plaintiff,<br><br>    v.<br><br>ODWALLA, INC., a California Corporation; SPHERION, INC., a Delaware Corporation; and MARIO ACOSTA, an individual,<br><br>    Defendants. | 1:10-cv-2369 OWW MJS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 6/15/12<br><br>Non-Dispositive Motion Filing Deadline: 6/29/12<br><br>Non-Dispositive Motion Hearing Date: 7/27/12 1:30 Ctrm. 6<br><br>Dispositive Motion Filing Deadline: 7/16/12<br><br>Dispositive Motion Hearing Date: 8/20/12 10:00 Ctrm. 3<br><br>Settlement Conference Date: 6/28/12 1:30 Ctrm. 6<br><br>Pre-Trial Conference Date: 9/24/12 11:00 Ctrm. 3<br><br>Trial Date: 11/6/12 9:00 Ctrm. 3 (JT-10 days) |

I.   Date of Scheduling Conference.

    June 16, 2011.

II.  Appearances Of Counsel.

    Felicia A. Espinosa, Esq., appeared on behalf of Plaintiff.

    Curiale Hirschfeld Kraemer LLP by Kristin L. Oliveira, Esq.,

1

appeared on behalf of Defendant Odwalla, Inc. and Mario Acosta.

III.   Summary of Pleadings.

    A.   <u>Plaintiff's Factual and Legal Contentions</u>.

       1.   On or around January 2006, Plaintiff applied for employment with a temporary employment agency, Spherion, Inc., that provides staff services to Odwalla, Inc. (hereinafter, "Defendant").  On or around February 2006, Plaintiff was instructed to report to Defendant's plant located in Dinuba, California.  Plaintiff reported to work with Defendant.  At all relevant times, Plaintiff was jointly employed by Spherion, Inc. and Defendant from approximately February 2006 until July 21, 2006.  Throughout her employment with Defendant, Plaintiff's direct supervisor was Mario Acosta (hereinafter "Defendant Acosta").

       2.   Plaintiff worked in Defendant's cold storage and shipping department under the direct supervision of Defendant Acosta.  During her employment, Defendant Acosta sexually harassed Plaintiff by both verbal and physical acts.  The inappropriate physical acts included touching her against her wishes and rubbing his body against her.  The verbal harassment included offensive and explicit details of his sexual encounters and unwelcome sexual overtures.  Additionally, Defendant Acosta deliberately waited until Plaintiff would enter the locker room and witness her zip into her work outfit that is placed over her clothing.  These verbal and physical acts created a hostile work environment pervasive with sexual harassment.

       3.   On or about June 21, 2006, Plaintiff was approached by Defendant's Manager, Christian Emrich and was told

2

that he was aware of Defendant Acosta's sexual harassment of Plaintiff.  Plaintiff informed Mr. Emrich that she was represented by an attorney.  At that time, Mr. Emrich told Plaintiff to go home and to not report to work the next day, June 22, 2006.  Plaintiff, accompanied with her counsel, made repeated attempts to discuss the sexual harassment with Defendant and with Spherion, Inc.  As of June 22, 2006, Defendant never permitted Plaintiff to return to work and failed to adequately investigate and/or discipline Defendant Acosta for his actions.

        4.    Plaintiff suffered and continues to suffer severe psychological and emotional distress due to the hostile work environment she was forced to endure, the repeated sexual harassment, retaliation and discrimination on behalf of Defendant and Defendant Acosta.  Plaintiff seeks compensatory, statutory, and punitive damages and injunctive relief.

        B.    <u>Defendants' Factual and Legal Contentions</u>.

        1.    Plaintiff was an employee of Spherion, Inc., a temporary employee agency that provides recruitment and staffing services to Defendant.  From February to June 2006, Plaintiff was placed with Defendant's facility in Dinuba, California as a temporary worker.  During that period, she worked in Defendant's Shipping Department.

        2.    On June 21, 2006, one of Plaintiff's coworkers at the Defendant's plant told Christian Emrich, a Shipping Manager, that Plaintiff had complained Defendant Acosta was "bragging" her.  Mr. Acosta was an employee in the Shipping Department.  (Mr. Acosta was not Plaintiff's supervisor and he did not have authority or control over the terms or conditions of Plaintiff's

3

1 temporary placement with Defendant.  Rather, Defendant Acosta was
2 only a "lead" employee in Shipping.  As a lead, he was primarily
3 responsible for advising Order Selectors which orders to
4 palletize and ensuring Defendant's juices were correctly rotated
5 and utilized according to the bottling date.)  Mr. Emrich
6 attempted to interview Plaintiff about any issues she had with
7 Defendant Acosta, but she stated she had legal counsel and was
8 reluctant to provide details to Mr. Emrich.  Although Plaintiff
9 provided little information to Mr. Emrich, he assured her that
10 she had nothing to fear and that he would promptly speak to Human
11 Resources of Defendant.  Mr. Emrich exchanged telephone numbers
12 with Plaintiff, and suggested she go home for the day if she was
13 upset.  He told Plaintiff that Defendant would be in touch with
14 her regarding the next steps.
15          3.   Mr. Emrich immediately notified Sharon Burg, the
16 Human Resources Manager at Defendants' plant, about Plaintiff's
17 complaint.  Ms. Burg informed Spherion and also attempted to
18 telephone Plaintiff that day to discuss Plaintiff's concerns.
19 Ms. Burg, however, was unable to reach Plaintiff.  The following
20 day, Spherion advised Ms. Burg that Plaintiff would be at
21 Defendant's plant on June 23, 2006 to speak with Human Resources.
22 The morning of June 23, 2006, Plaintiff and her legal counsel
23 appeared at Defendant's plant under the pretense of allowing
24 Plaintiff to be interviewed by Ms. Burg.  Ms. Burg was completely
25 surprised as she was not expecting Plaintiff's attorney to
26 accompany Plaintiff.  She did not feel comfortable interviewing
27 Plaintiff with her attorney present.  Ms. Burg also understood
28 that Plaintiff was scheduled to meet with Spherion's manager that

day.  Plaintiff's counsel handed Ms. Burg a one-page letter signed by legal counsel containing a general description of Plaintiff's harassment allegations.

4.   Thereafter, Defendant conducted an investigation by interviewing several employees who worked with Plaintiff and Defendant Acosta in the Shipping Department.  Defendant interviewed Defendant Acosta and Rosario Serno, another female employee in Shipping, on two separate occasions.  Defendant Acosta stated that he told Plaintiff a joke, and Defendant determined that the joke could be interpreted as having a sexual connotation.  Defendant Acosta was orally warned for making this joke in the workplace.  Following a lengthy investigation, Defendant could not substantiate Plaintiff's claims that Defendant Acosta made sexual or lewd comments to her, propositioned her for sex, and engaged in inappropriate and unwelcome touching.  At all times relevant to the Complaint, Defendant maintained a policy prohibiting sexual harassment in the workplace and this policy was published in Defendant's employee handbook.  In addition, Defendant provided sexual harassment training to its employees.

5.   After Plaintiff's conversation with Christian Emrich, she was free to return to work at Defendant's plant.  Defendant tried to contact Plaintiff, but she did not respond and evidently chose not to return to work at Defendant's plant.  Defendant did not prevent Plaintiff from returning to the plant.  In addition, Defendant understands that Plaintiff did not wish to continue working at Defendant's plant, and she declined offers of temporary assignments at other employers as presented to her by

Spherion after June 2006.

      6.   In sum, Defendant and Defendant Acosta deny Plaintiff's claims of sexual harassment and gender discrimination, and further deny that Plaintiff has been damaged in any amount whatsoever. Defendants deny that Plaintiff was subjected to a hostile work environment based on her gender, or that Defendant retaliated against her after she complained about harassment in violation of Title VII of the Civil Rights Act of 1964. Further, Defendant denies that it negligently supervised or hired its employees, or that it failed to maintain a safe working environment for Plaintiff. Defendant asserts that it is not strictly liable for the actions of Defendant Acosta, as Defendant Acosta was not Plaintiff's supervisor.

IV.   Orders Re Amendments To Pleadings.

    1.   Plaintiff does not expect to add or dismiss any causes of action at this time.

    2.   Defendants do not expect to add or dismiss any affirmative defenses at this time.

    3.   Plaintiff has reached a settlement with Spherion, Inc., a Delaware corporation.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Plaintiff is an individual and a resident of the Eastern District of California at the time of events alleged in the complaint.

      2.   Odwalla, Inc., a California corporation, is incorporated in and conducts business in the City of Dinuba, Inc.

6

3.  Defendant Mario Acosta is an employee of Odwalla and at times relevant, was employed at the Dinuba plant and an employee of Odwalla at all times alleged in the Complaint.

4.  Plaintiff was a temporary employee who had been placed through Spherion, Inc. and performed work at Odwalla during the period February 7, 2006 to June 21, 2006 in Dinuba, California, as an Order Selector and Packer.

5.  Plaintiff was never a regular, full-time employee of Odwalla.

6.  Plaintiff did not complain to any agent or manager at Odwalla about Mario Acosta's alleged harassing conduct until June 21, 2006, when she spoke with Christian Emrich at the Dinuba plant.

B.  Contested Facts.

1.  Whether Plaintiff was en employee of Odwalla.

2.  Whether Mario Acosta was Plaintiff's Supervisor.

3.  Whether Mario Acosta engaged in inappropriate conduct toward Plaintiff, including physical touching, sexual proposition or sexual commentary, as she contends.

4.  Whether Plaintiff refused or declined to participate in Odwalla's investigation of Plaintiff's harassment contentions.

5.  Whether Plaintiff was terminated from her temporary placement at Odwalla after she complained about Mario Acosta's alleged harassment.

6.  Whether Odwalla failed to rehire Plaintiff due to her complaints of harassment and/or her gender.

7.  Whether Odwalla, by and through its agents or

supervisors, knew or should have known of the alleged conduct by Defendant Acosta and failed to take immediate and appropriate corrective action.

      8. Whether Plaintiff refused to return to work at Odwalla following her complaints about Defendant Acosta.

      9. Whether Odwalla properly trained and/or supervised its employees regarding sexual harassment and retaliation.

      10. What steps Odwalla took to prevent discrimination or sexual harassment from occurring in its workplace.

## VI. Legal Issues.

  A. Uncontested.

      1. Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e, et seq. Jurisdiction is further invoked under 28 U.S.C. § 1367 and Cal. Gov't Code §§ 12926, et seq.

      2. Venue is proper under 28 U.S.C. § 1391.

      3. The parties agree that the substantive law of the State of California governs supplemental claims.

  B. Contested.

      1. Whether Plaintiff was subjected to sexual harassment or sexual battery by Odwalla, by and through its agents, supervisors or employees.

      2. Whether Plaintiff was subjected to a hostile work environment at Odwalla, by and through its agents, supervisors or employees.

      3. Whether Mario Acosta is a "supervisor" under the California Fair Employment & Housing Act, California Government Code § 12926(r).

      4. Whether Odwalla is strictly liable for the actions

8

of Mario Acosta.

   5.   Whether the conduct of Odwalla violated public policy.

   6.   Whether Odwalla negligently supervised and/or trained any of its employees, causing harm to Plaintiff.

   7.   Whether Odwalla retaliated against Plaintiff for retaining legal counsel in violation of California Labor Code § 923.

   8.   Whether Plaintiff can pursue a claim for sexual battery or wrongful termination in violation of public policy based upon the applicable statute of limitations in California Code of Civil Procedure § 335.1.

   9.   Whether the statute of limitations for Plaintiff's sexual battery and/or wrongful termination claims was tolled on the basis of equitable tolling.

   10.  Whether Plaintiff can state a claim for emotional distress.

   11.  Whether Plaintiff can state a claim for constructive discharge.

   12.  Whether Plaintiff can establish tolling.

   13.  Whether Plaintiff can state a claim for punitive damages.

   14.  Whether Plaintiff can make any claim for damages.

   15.  Whether Plaintiff has mitigated any damages she now claims she suffered because of Defendants.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

9

**VIII.   Corporate Identification Statement.**

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.   Discovery Plan and Cut-Off Date.**

   A.   Proposed changes in the limits on discovery imposed by Federal Rules of Civil Procedure, Rules 26(b), 30(a)(2)(A), (B) or (C), 30(d) or 33(a):  Defendants anticipate that it may take longer than the seven hours permitted by FRCP 30 to depose Plaintiff as Plaintiff requires an interpreter at the oral deposition.  Plaintiff agrees to a reasonable extension of the seven hour limit for her deposition if necessary because of the added time for using an interpreter.

   B.   Necessity of a protective order relating to the discovery of information relating to trade secret or other confidential research, development or commercial information.  The parties reserve the right to so request and formulate protective orders regarding employee personnel files.

   C.   Issues or proposals as to the timing, sequencing, phasing or scheduling of discovery.  None at present.

   D.   Whether the parties anticipate the need to conduct discovery outside the United States, and a description of the proposed discovery.  Not anticipated.

   E.   Whether the parties anticipate video and/or sound

1  recording of depositions.  The parties reserve the right to so
2  notice depositions as required.
3       F.   Proposed date for Mid-Discovery Status Report and
4  Conference:  parties propose January 16, 2012.
5       G.   The parties do not anticipate any issues relating to
6  either disclosure or discovery of electronically stored
7  information or claims of privilege.
8       The following schedule is adopted for the case:
9       1.   The parties are ordered to complete all discovery on or
10 before June 15, 2012.
11      2.   The parties are directed to disclose all expert
12 witnesses, in writing, on or before March 15, 2012.  Any rebuttal
13 or supplemental expert disclosures will be made on or before May
14 15, 2012.  The parties will comply with the provisions of Federal
15 Rule of Civil Procedure 26(a)(2) regarding their expert
16 designations.  Local Rule 16-240(a) notwithstanding, the written
17 designation of experts shall be made pursuant to F. R. Civ. P.
18 Rule 26(a)(2), (A) and (B) and shall include all information
19 required thereunder.  Failure to designate experts in compliance
20 with this order may result in the Court excluding the testimony
21 or other evidence offered through such experts that are not
22 disclosed pursuant to this order.
23      3.   The provisions of F. R. Civ. P. 26(b)(4) shall
24 apply to all discovery relating to experts and their opinions.
25 Experts shall be fully prepared to be examined on all subjects
26 and opinions included in the designation and their reports, which
27 shall include every opinion to be rendered and all reasons for
28 each opinion.  Failure to comply will result in the imposition of

sanctions.

**X.   Pre-Trial Motion Schedule.**

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before June 29, 2012, and heard on July 27, 2012, at 9:30 a.m. before Magistrate Judge Michael J. Seng in Courtroom 6.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

3.   All Dispositive Pre-Trial Motions are to be filed no later than July 16, 2012, and will be heard on August 20, 2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

**XI.   Pre-Trial Conference Date.**

1.   September 24, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court insists upon strict compliance with those rules.

**XII. Motions - Hard Copy.**

1.   The parties shall submit one (1) courtesy paper copy to

12

1  the Court of any motions filed.  Exhibits shall be marked with
2  <u>protruding numbered or lettered tabs</u> so that the Court can easily
3  identify such exhibits.
4  XIII.  Trial Date.
5      1.   November 6, 2012, at the hour of 9:00 a.m. in Courtroom
6  3, 7th Floor, before the Honorable Oliver W. Wanger, United
7  States District Judge.
8      2.   This is a jury trial.
9      3.   Counsels' Estimate Of Trial Time:
10         a.   Ten days.
11     4.   Counsels' attention is directed to Local Rules
12 of Practice for the Eastern District of California, Rule 285.
13 XIV. Settlement Conference.
14     1.   The parties are agreeable to participate in private
15 mediation after the conclusion of Plaintiff's deposition and some
16 of Defendant's depositions, which is currently scheduled for
17 August 4-5, 2011.  It is anticipated that the parties will
18 commence settlement discussions after Plaintiff's deposition, but
19 before Plaintiff conducts any depositions.
20     2.   A Settlement Conference is scheduled for June 28, 2012,
21 at 1:30 p.m. in Courtroom 6 before the Honorable Michael J. Seng,
22 United States Magistrate Judge.
23     3.   Unless otherwise permitted in advance by the
24 Court, the attorneys who will try the case shall appear at the
25 Settlement Conference with the parties and the person or persons
26 having full authority to negotiate and settle the case on any
27 terms at the conference.
28     4.   Permission for a party [not attorney] to attend

by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     5.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     6.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of

14

the major issues in dispute.

    c.    A summary of the proceedings to date.

    d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e.    The relief sought.

    f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    The parties do not agree on bifurcation of liability and damage phases. The issue will be addressed by motion.

    2.    The subject of the amount of punitive damages, if any, shall be tried in a continuous trial, in a second phase, before the same jury, after the entitlement to punitive damages and the amount of compensatory damages has been determined by the jury.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII. Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

    1.    The foregoing order represents the best

estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 16, 2011**                              **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE